W. E. Wills et al v. International and Great Northern Railroad Company.

Decided November 29, 1905.

**1.—Agency—Authority of Railway Conductor—Employing Surgeon.**

In an emergency the conductor of a freight train employed surgeons to attend to the injuries of a trespasser run over in attempting to board the train, without fault of the railway employes. Held that such surgeons, in an action to recover of the company for their services must show authority of the conductor to employ them for the company, the act not being within the scope of his duties

**2.—Same.**

The fact that on two other occasions a railway company had paid for the services of surgeons employed by its conductors to attend to persons injured by its trains, that the attending physicians knew this, and were ignorant of the conductor's want of authority to employ them, and that the division superintendent was notified by wire of the accident and of the plaintiffs being in charge of the case and took no action, did not estop the railway company from denying the right of the conductor to contract for medical attention to a person injured.

Appeal from the County Court of McLennan County. Tried below before Hon. J. W. Baker.

*Sanford & Denton,* for appellants.—Under the circumstances the railway company was liable to the injured person, notwithstanding the conductor did not have authority, as its agent, to employ surgeons generally for persons injured by his train. Terre Haute, etc., Ry. Co. v. McMurray, 98 Ind., 358, 49 Am. Rep., 752; Marquette, etc., Ry. Co. v. Taft, 28 Mich., 289; Terre Haute, etc., Ry. Co. v. Brown, 107 Ind., 336; Northern Central Ry. Co. v. State, 29 Md., 420; Evansville, etc., Ry. Co. v. Freeland, 4 Ind. App., 207; Chicago, etc., Ry. Co. v. Ross, 112 U. S., 377; Pennsylvania Co. v. Gallagher, 40 Ohio St., 637; Louisville, etc., Ry. Co. v. Smith, 121 Ind., 353, 6 Law Rep. Ann., 320.

Slight acts tending to show ratification by the railway company will be sufficient to bind it; and particularly knowledge by the company that

the service is being performed and a failure to repudiate the contract of employment.  Terre Haute & I. Ry. Co. v. Stockwell, 118 Ind., 98; Cairo & St. L. Ry. Co. v. Mahoney, 82 Ill., 73; Toledo W. & W. Ry. Co. v. Rodriguez, 47 Ill., 188; Toledo W. & W. Ry. Co. v. Prince, 50 Ill., 26; Indianapolis & St. L. Ry. Co. v. Morris, 67 Ill., 295; Terre Haute, etc., Ry. Co. v. Pierce, 95 Ind., 496; Pac. Ry. Co. v. Thomas, 19 Kans., 256; Louisville, etc., Ry. Co. v. McVay, 98 Ind., 391; South-gate v. Atlantic, etc., Ry. Co., 61 Mo., 89.

Evidence of approval, ratification and adoption by the principal of former similar acts of the agent is sufficient to establish the authority of the agent to do a specific act, in the absence of any evidence to dis-prove such authority.  International & G. N. Ry. Co. v. Ragsdale, 67 Texas, 24; Texas & P. Ry. Co. v. Nicholson, 61 Texas, 498; Rockford R. I., etc., Ry. Co. v. Wilcox, 66 Ill., 417; Beattie v. D. L. & W. Ry. Co., 90 N. Y., 643; Tennessee River Transp. Co. v. Kavanaugh, 101 Ala., 1; Union Gold Mining Co. v. Rocky Mt. Nat. Bk., 2 Colo., 565; Barnett v. Gluting, 3 Ind. App., 415; Kent v. Tyson, 20 N. H., 121; Kerslake v. Schoonmaker, 1 Hun, 436; Woodwell v. Brown, 44 Pa., 121; 1 Wood, Railway Law, 445.

Where the unauthorized acts of an agent are adopted and ratified by the principal, the principal will be bound by subsequent acts of the agent of same nature.  Hull v. East Line Ry. Co., 66 Texas, 619; International & G. N. Ry. Co. v. Ragsdale, 67 Texas, 26; Texas & P. Ry. Co. v. Nicholson, 61 Texas, 498; Pacific Ex. Co. v. Black, 8 Texas Civ. App., 366; Hollinsworth v. Holshauser, 25 Texas, 636; Missouri, K. & T. Ry. Co. v. Cook, 8 Texas Civ. App., 382; Texas & P. R. Co. v. Hamar, 2 Texas App. Civ. Cas., 436; Friedlander v. Cornell, 45 Texas, 585; Nations v. Thomas, 25 Texas Sup., 224; Story on Agency, sec. 443; Mechem on Agency, secs. 83, 84, 86.

*Baker & Thomas,* for appellee.—It is elementary that the burden of proof is upon the plaintiff to show the authority of the agent to bind his principal.  This burden may be carried by showing that the authority is either express or implied.  If implied from the nature of the agent's duties, those duties must be shown.  Louisville, etc., Ry. Co. v. McVay, 49 Am. Rep., 770; Peninsular R. R. Co. v. Gary, 1 Am. St. Rep., 194; Tucker v. St. Louis, etc., Ry. Co., 54 Mo., 177; Brown v. Missouri, K. & T. Ry. Co., 67 Mo., 122; Sevier v. Birmingham, etc., Ry. Co., 48 Am. & Eng. R. R. Cas., 503.

Whatever may be the implied duty of railway companies to an injured employe, arising out of the intimate, interdependent relation of master and servant, prompted by the higher considerations of humanity, no such obligation rests upon railway companies, in law, justice or morals toward a stranger to the company, unavoidably injured through his own fault alone.  Adams v. Southern Ry. Co., 16 Am. & Eng. Ry. Cas. (N. S.), 369; McMurry v. Railway (Ind.), 49 Am. Rep., 752; Peninsular R. R. Co. v. Gary, 1 Am. St. Rep., 194; Union Pacific Ry. Co. v. Beatty, 26 Am. & Eng. Ry. Cas., 84.

Where the doctrine of estoppel or ratification of prior acts of the agent is invoked against the principal, said acts must not only be of a similar nature, but must be frequent enough to create a custom.  One

or two isolated instances are not sufficient to constitute a course of dealing. Mobile & M. Ry. v. Jay, 61 Ala., 247.

FISHER, Chief Justice.—This is a suit by the appellants against the railway company to recover $250, as the reasonable value of the services of appellants as physicians and surgeons for medical treatment given to one Scott, who was run over and injured by one of the defendant's trains at the town of Leroy. That one of the legs of Scott was cut off by the train, and the other bruised and mangled just below the knee, which necessitated the amputation of both legs above the knee in an attempt to save the man's life; that it was a case of emergency and urgent necessity, demanding immediate surgical operation; that the conductor of the train, acting as the agent of defendant, employed the plaintiffs to attend upon Scott, and render him such surgical attention as was necessary and proper; that the conductor had full knowledge of the circumstances under which Scott was injured, and was the highest officer in authority at defendant's station.

The defendant answered by general and special demurrers and special denial, and also pleaded specially that the train by which Scott was injured was a freight train and not allowed to carry passengers; that Scott at the time of his injuries, attempted to board the train when drunk; that the train was moving at a rapid rate of speed; that Scott was guilty of contributory negligence. Therefore, the railway company was not liable. Also pleaded the want of authority in the conductor, as agent, to employ the plaintiffs.

The case was tried before the court without a jury and judgment rendered in favor of the appellee. The trial court filed conclusions of fact and law, which are as follows:

"I find that on the 4th day of July, 1904, one W. A. Scott, without negligence of defendant, through his own fault alone, while drunk and while a trespasser on defendant's right of way, was run over and injured while attempting to board a freight train of the defendant railroad company, running at from 12 to 15 miles per hour, at the town of Leroy, a station on defendant's line in McLennan County, one of the said Scott's leg's being cut off above the knee, and the other leg bruised and mangled just below the knee joint, which necessitated the amputation of both legs above the knee in an attempt to save the man's life; that it was a case of emergency and urgent necessity, demanding immediate surgical attention; that the conductor of the said train, acting in his capacity as such conductor, employed plaintiff Wills who was a regular practicing physician and surgeon in that community, to take charge of and attend the said injured man, that the said Wills advised the conductor that in order to give the said Scott the necessary attention, the help of another surgeon would be required; that thereupon the said conductor replied: 'The case is in your hands, get another doctor if necessary, and if necessary get two, I am no doctor,' and Wills at once telephoned to the town of West, eight miles distant to plaintiff Wilie, who was also a regular practicing physician; and requested him to come and assist in the operation on the injured man; that thereupon the said Wilie came at once, reaching Leroy in about one hour; that in the interim the conductor and his train had left the station; that plaintiffs

immediately took charge of the injured man and amputated both his legs above the knee; that such amputation was necessary in a proper attempt to save his life, and that two surgeons were needed to properly perform the same; that a reasonable fee and charge for said professional services rendered by the plaintiffs is $250, that the said station of Leroy is a small station at a distance of 35 miles from the town of Mart, and that the said conductor of the said train was the highest officer in authority of defendant in matters touching the said train at said station at the time of the said accident; that the said station was a telegraph station of defendant, having telegraphic communication with defendant's division headquarters at the town of Mart, and its general headquarters at Palestine, and there was a telegraph operator in the employ of defendant at the said station at the time of the said accident. That the towns of Leroy and Mart are connected by telephone.

"I further find that a short while previous to the accident in this case, a man named Hall was run over and injured by a train of defendant at the said station of Leroy; that the same was a case of emergency, demanding immediate surgical attention; that the conductor of the said train, acting in his capacity as such conductor employed plaintiff Wills to attend the said injured man professionally; that the said plaintiff Wills, in accordance therewith, took charge of the said man and amputated one of his legs, as was necessary by reason of the character of his injuries, in a proper attempt to save his life; that the said plaintiff Wills thereafter rendered his bill to the defendant for his said services, and the defendant paid the same, and did not at any time question the authority of its said conductor as its agent to make the said contract of employment; that it was not shown whether said Hall was injured by negligence of defendant or a trespasser or not; that sometime previous to the accident in this case a boy was injured by one of defendant's freight trains at the said station by having his hand mashed while riding thereon as a trespasser; that the conductor in charge of said train, acting in his capacity as such conductor, employed a physician at the said station, one Dr. Middlebrook, to attend professionally to the said boy's injuries; that the said doctor thereafter rendered his bill therefor to the defendant for $7.50, and that the defendant paid the same without questioning the authority of the said conductor as its agent to make the said contract of employment, and that the said plaintiff Wills had knowledge of these facts at the time.

"I further find that the said accident happened in this case about 12 o'clock noon; that the said telegraph operator of defendant at Leroy at once thereafter notified by telegraph the division superintendent of defendant at Mart of the said accident, and also at some time during the afternoon notified the said division superintendent that physicians were in charge of the said injured man, Scott, and rendering him professional service, and that the division superintendent gave no orders or directions relative to the said physicians, and made no reply to the said message informing him that physicians were in charge of the said injured man.

"I further find that neither of the plaintiffs had any knowledge of any want of authority upon the part of the said conductor as agent for defendant, to employ them, and that they each rendered their services

relying upon defendant's paying them a reasonable compensation therefor; that neither of plaintiffs made any inquiry of the said conductor as to his authority to employ them, and made no other effort to learn whether he did.

"I further find that the said sum of $250 would be a reasonable fee and charge to either of the plaintiffs for the said professional services rendered in this case, if he had rendered the same alone.

"I conclude as a matter of law as follows:

"1st.—That the burden of proof was upon the plaintiffs to show authority upon the part of the conductor to employ them.

"2d.—That the said conductor was acting beyond the scope of his authority as agent of defendant in employing the plaintiffs and that there was no sufficient reason why the defendant should not be permitted to deny the conductor's authority to make such employment, and that therefore, defendant is in no way liable to plaintiffs."

We are of the opinion that the court's conclusions of law are correct, as based upon the facts, and that the proper result was reached in the disposition of the case. Under the particular facts of this case, the conductor had no authority to bind the railway company to a contract to pay for the services rendered by the appellants. (Adams v. Southern Ry. Co., 16 Am. & Eng. Ry. Cas. (N. S.), 368; Union Pac. R. R. v. Beatty, 26 Am. & Eng. Ry. Cas., 84; Louisville, etc., Ry. Co. v. McVay, 49 Am. Rep., 770; Peninsula R. R. Co. v. Gary, 1 Am. St. Rep., 194; Tucker v. St. Louis, etc., Ry., 54 Mo., 177; Sevier v. Birmingham, etc., Ry., 48 Am. & Eng. R. R. Cas., 503; and as by analogy bearing upon the question, International & G. N. Ry. Co. v. Anderson, 82 Texas, 516.)

The facts in the record did not raise the issue of estoppel and ratification. Therefore also the court was correct in its conclusion upon this question.

We do not undertake to say what would be the power and duty of a conductor of the railway company, where a passenger or employe was injured. Here the party injured was a trespasser. The condition that called for treatment was attributable to his own negligence; and we cannot see how the railroad company can be held liable for the medical expense incurred in treating such a person, unless it had obligated itself through some authorized agent to incur such liability. We can find nothing in the power usually delegated to a conductor, or in the duties that he is required to perform, that implies the authority to make contracts binding his principal, whereby it should be burdened with the cost and expense of the treatment of injured persons, for whose condition it could in no wise be held responsible.

We find no error in the record and the judgment is affirmed.

*Affirmed.*