### ALLEN et al. v. FRIEDMAN et al. *
### (No. 7019.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 28, 1923. Rehearing Denied Dec. 20, 1923.)

1. Vendor and purchaser ⬅22—Inclusion of land in which one of vendors had no interest improper.

Description of land in a contract of sale embracing some property, in which only one of several vendors had any interest, was a fatal misdescription of the property that vendor having no interest intended to convey.

2. Principal and agent ⬅152(4)—Contract made by agent without authority not enforced.

Written contract for sale of land, signed by vendors' agent, containing obvious and material variance and irreconcilable conflict between it and negotiations carried on by telegram between one vendor and agent, without testimony to show ratification, is not susceptible of specific performance.

3. Specific performance ⬅10(1)—Partial performance not enforced where contrary to agreement.

Where A., owning undivided interest in land with her children, intended to make a sale in the interest of her children only upon condition that they all joined in the sale, and contract signed by agent on behalf of all owners was not authorized nor ratified by all children, and not authorized by A., although A. endeavored to carry it out, purchaser could not require specific performance of the contract as to A. by requiring her to take proportionate share of purchase price, since A. never ratified the contract so as to bind her, unless the whole property were sold.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by Meyer Friedman and others against Sophia Allen and others to compel specific performance of an alleged contract for sale of real estate. From a decree in

favor of plaintiffs, Sophia Allen and certain other defendants appeal. Affirmed in part, and reversed and rendered in part.

Dixon Gulley and S. B. Smith, both of San Antonio, for appellants.

T. T. Vander Hoeven, B. A. Greathouse and Boyle, Ezell & Grover, all of San Antonio, for appellees.

COBBS, J. This suit was instituted by appellee Meyer Friedman against Sophia Allen, surviving widow of L. B. Allen, deceased, appellant, and her children, May Smith, a widow; Anna Allen Cloud and her husband, Ralph E. Cloud; Kate Allen Borden and her husband, S. G. Borden; Erle Lee and her husband, R. R. Lee; Lula Harris White and her husband, Herbert H. White; Addiebel Ingrum and her husband, R. P. Ingrum; W. A. Allen; and E. J. Altgelt, executor of the estate of Minnie Allen Melick, a deceased daughter of L. B. Allen and Sophia Allen, to specifically perform an alleged contract for the sale of certain real estate in the city of San Antonio, Tex., entered into between appellant for herself and children, and appellee and E. J. Altgelt in the capacity of executor of the estate of Minnie Allen Melick, and for the benefit of her minor children, answered, admitting the execution of the contract and his willingness to perform it, with a cross-action over against defendants Mrs. Addiebel Ingrum and W. A. Allen, on the alleged ground that said two children had no interest in the property under consideration, having settled with their parents, prior to his death, for all interest in said estate, in that they owned a full one-twelfth interest in said property instead of a sixteenth, which they would be entitled to if said W. A. Allen and Addiebel Ingrum did not participate in the estate, and prayed judgment against them.

Mrs. Ingrum and W. A. Allen urged special exceptions to said pleading with responsive answers. All other defendants answered by general demurrer, general denial, and special pleas of non est factum. Anna Allen Cloud, Kate Allen Borden, and Erle Lee filed special exceptions, and, being married women, pleaded their coverture, which being sustained they were accordingly dismissed from the suit. The defendant Ingrum filed answer claiming certain property described in the contract and in plaintiff's petition, lying between the center of the old San Pedro creek bed and east line of the right of way of the San Antonio Belt & Terminal Railway, which upon the agreement of all the parties as to that specific property they were dismissed from the suit.

The trial was before the court, without a jury, and on January 10, 1923, the court rendered a decree that plaintiff have specific performance of the contract as against Sophia Allen, who was adjudged to own an undivided one-half interest in the property: Lula Harris White, adjudged to own a one-twelfth interest in the property; and E. J. Altgelt adjudged to own a one-twelfth interest in the property; upon the payment by plaintiff in money, within 30 days after judgment became final on appeal, if appealed from, into the registry of the court of $12,500 for the defendant Sophia Allen: $2,083.33⅓ for the defendant Lula Harris White, and $2,083.33⅓ for the defendant E. J. Altgelt, executor; and decreed that plaintiff take nothing as against Anna Allen Cloud and Ralph E. Cloud, Kate Allen Borden and S. G. Borden, Erle Lee and R. R. Lee, and May Smith; and that the contract declared upon, which had been recorded in the deed records of Bexar county, Tex., be removed as a cloud upon the title of said parties in and to their respective interests in said property.

And the court further decreed W. A. Allen and Addiebel Ingrum, or either of them, have no right, claim, or interest in and to the said land or any part thereof; and further adjudged that defendant Lula Harris White and E. J. Altgelt, as independent executor of the estate of Minnie Allen Melick, deceased, each had a one-twelfth interest in said property.

This finding left in the case only Sophia Allen, the surviving widow, Lula Harris White and her husband, W. A. Allen, Addiebel Ingrum and her husband, and E. J. Altgelt, independent executor of Minnie Allen Melick's estate, as defendants, all of whom appealed from said judgment, except E. J. Altgelt, independent executor. It is undisputed that Mrs. Allen owned only a one-half undivided interest of the real property in dispute, the balance belonging to the children named as defendants, unless Mrs. Ingrum and W. A. Allen had parted with their interest by a prior settlement.

In this situation E. J. Altgelt, who had previously represented Mrs. Allen in the sale of this property, undertook negotiations for the sale of the property to appellee. Mrs. Allen being absent at the time, in California, the trade was taken up by him with Mrs. Allen by means of telegrams and letters. The telegrams and letters between Mrs. Allen and Altgelt are fully set out in the court's findings of fact.

In pursuance with the terms expressed in the wires, Altgelt had a contract drafted in the usual form of contracts for the sale of real estate, and signed the name of Mrs. Allen and the names of each and every one of the children thereto as their agent, and signed it in his fiduciary character as well. It is clear from the testimony that when Altgelt signed himself as agent for the children he had no authority whatever from them to do so.

At that time Lula Harris was a feme sole,

having been divorced from Hunter Harris, but thereafter intermarried with Herbert H. White.

[1] In describing the property to be conveyed, there was embraced in the contract other property in which Mrs. Allen nor any of her children had any interest, except Mr. Ingrum, and to that extent it was a fatal misdescription of the property that Mrs. Allen was intending to convey. The terms of the sale to appellee, as expressed in the contract, were to be by a general warranty for the price of $25,000, one-half, or $12,500, cash, and the balance represented by two promissory notes in the sum of $6,250 each, with 6 per cent. interest per annum, payable to the order of Sophia Allen on or before one and two years from date.

In this agreement Mrs. Allen was obligated to furnish abstracts showing merchantable title; Friedman to have a reasonable time for his attorneys to pass upon the same; and Mrs. Allen to furnish field notes, together with plat of the land made by a surveyor, giving Friedman time to examine same. Taxes for the year 1921 to be prorated, and fire insurance on the buildings to be assigned to Friedman. It further provided that Friedman pay to E. J. Altgelt, as agent of the parties, the sum of $1,000 to be treated as liquidated damages. The majority of the foregoing were onerous conditions placed in the contract, never before considered.

[2] From a comparison of the contract with the telegrams, there is an obvious and material variance between the two and an irreconcilable conflict, and leaving the matter standing thus without other testimony to show ratification; no specific performance can be had. But we cannot leave the subject here because appellee insists that the sale as per Altgelt's contract was ratified by the parties.

[3] It is manifest from the evidence that none of the children of Mrs. Allen, except the one represented by Altgelt as the independent executor, unconditionally and unqualifiedly ratified the contract of sale, as drawn and presented to Mrs. Allen by Altgelt, who was not the agent of the children. It is undisputed that this property is the remainder of the old Allen homestead on South Flores street, of which Mrs. Allen's interest is one-half, and that the remainder is owned by her said children, jointly, except perhaps as to Mrs. Ingrum and W. A. Allen, who, it is alleged, had parted with all their interest in the estate by a previous settlement.

All of the parties and attorneys were perfectly familiar with the interest of each party therein at the time the negotiations began, and continuously throughout, and knew that Mrs. Allen intended and could only sell and make good title to her undivided one-half interest and not to the whole. The court filed findings of fact and conclusions of law, covering 25 pages of the transcript, far too lengthy to copy, in connection with some 92 pages of statement of facts.

The contract was duly sent to Mrs. Allen for her and her children's approval by Mr. Altgelt, which she kept and undertook to have her children approve and carry out. We are convinced that she well understood the terms of trade, and we are satisfied she was willing to carry them out, provided her children approved. Being fully advised, she sought to induce them to agree to it, but in that she wholly failed to succeed.

Appellee has indicated his willingness to accept the whole or any part of the property mentioned in satisfaction of the trade, and pay the price therefor, irrespective of the small strip of land between the center of the bed of the old San Pedro creek and the right of way of the S. A. B. & T. Ry. Co., and irrespective of the fact that a 5-foot strip of said land off the south side thereof is charged with the easement for right of way in favor of Jesse D. Oppenheimer, and to pay Mrs. Allen $12,500, being one-half of the purchase money, either in money or secured notes, as she may elect, in satisfaction of her undivided one-half interest therein. But that was a change in the contract not approved by Mrs. Allen.

There was no authority shown by any of the children authorizing Altgelt as agent to represent them in selling the property to appellee, as per the contract Altgelt made, nor any ratification thereafter. The telegrams seem only to contemplate that Mrs. Allen was to sell the property for the specified sum of $25,000. Still Mrs. Allen did not withdraw from the sale on that account, but endeavored to carry it out, and directed the entire $25,000 to be paid to her credit; after having full knowledge of all the facts she never indicated that she would receive any less. The $25,000 was not paid. She never objected to any of the other terms mentioned in the contract not theretofore discussed, only she could not get her children to agree to them, and later for that reason refused to carry out the sale.

It is perfectly manifest from the evidence that it was Mrs. Allen's intention to make a sale of the property only in the interest of her children and only upon condition that they all joined in the sale. The minds of the parties never met upon the terms of the sale as expressed in the Altgelt contract, and it was never ratified so as to bind her, unless the whole property were sold.

It will be noted Mrs. Allen stipulated as a consideration for her interest that she was to receive purchase-money notes based upon the sale of the entire property and the payment of the other half in cash, which money she intended to divide among the

children, and keep the notes for herself. So appellee could not perform that contract by requiring her to take $12,500 in cash. It is not enforceable against her. It was not the contract she was attempting to make or ratify. It left her children out of the sale, the very thing she was desirous of accomplishing, and contrary to her expressed intention. This does not present a case as contended for by appellee, where she may be forced to sell her interest against her wish or intention. Ward v. Walker (Tex. Civ. App.) 159 S. W. 320–323.

We are convinced, from the facts found by the trial court and supported by the testimony, that Addiebel Ingrum and W. A. Allen have no interest in the property in controversy, having previously parted with their interest therein.

The judgment heretofore rendered in this cause is set aside and the following judgment will be entered in lieu thereof:

The judgment of the trial court is affirmed as between E. J. Altgelt, executor, and W. A. Allen and Addiebel Ingrum, but as to Mrs. Sophia Allen, May Smith, Anna Allen Cloud and husband, Ralph E. Cloud, Kate Allen Borden and husband, S. G. Borden, Erle Lee and husband, R. R. Lee, and Lula Harris White and husband, Herbert H. White, the judgment is reversed, and judgment here rendered that appellee Meyer Friedman take nothing and pay all costs.

Affirmed in part, and reversed and rendered in part.