## PHYSICIANS HEALTH & ACCIDENT CO. v. DAVIS.

### No. 8222.

Court of Civil Appeals of Texas. Austin.

March 11, 1936.

Simmons & Arnold, of Houston, for appellant.

R. P. Brown, of San Angelo, for appellee.

BAUGH, Justice.

Appeal is from a judgment in favor of appellee against appellant for $384.75 on an accident policy issued by appellant to appellee, dated June 10, 1932. The appellant defended on the ground of forfeiture of said policy for nonpayment of premiums due prior to the date of the accident. By supplemental petition appellee pleaded waiver of such payment by the agent at the time he took appellee's application for the policy. Trial was to the court without a jury.

Two contentions are made by appellant: First, that the trial court erred in not granting its motion for a continuance to secure material evidence on the issue of waiver raised for the first time on the day set for trial by appellee's supplemental petition that day filed. Second, that under the undisputed facts and the express provisions of the policy sued upon, the trial court should have rendered judgment for appellant. Undoubtedly, under the express provisions of article 2168, R.S.1925, and the compliance of the motion for continuance with same, this proposition should be sustained. Since, however, we have concluded that judgment should have been rendered for appellant upon the record presented,

it becomes unnecessary to discuss the first contention made.

The record discloses the following: On or about May 20, 1932, Chas. J. Muller, a soliciting agent for appellant with limited authority, solicited and secured the application of appellee for the policy in question. At that time the agent advised appellee that he would give him for $7.50 a policy with the premium paid up to September 1, 1932. This offer appellee accepted, executed the application, gave Muller his check payable to the appellant company for that amount, and Muller executed and delivered to appellee his receipt, reciting that same was for the initial fee on appellee's application and in payment of premium to September 1, 1932. The application itself, which was made a part of the policy, and the policy delivered to appellee, provided for a premium of $6 per month. The policy was mailed to appellee from the home office of the company on June 15, 1932, effective as of June 10, 1932, and the letter of transmittal advised him that the premium had been paid for the first month, or until July 10, 1932. This letter appellee returned to appellant with an indorsement on the bottom of same advising the company that according to Mr. Muller and his receipt he had paid the premium to September 1, 1932, and that according to contract he would owe nothing further until September 1st. In response to this the company advised appellee by letter, dated June 25th, acknowledging receipt from appellee of a photostatic copy of the receipt given appellee by Muller, that Muller had no authority to collect more than the first month's premium; and that unless appellee desired to retain the policy with the understanding that premium was paid only to July 10, 1932, to return the policy to the company and it would refund to him the $7.50 paid by him to Muller. It appears that nothing further transpired between appellee and the company. The accident on which this suit is predicated occurred on July 20, 1932.

■■ The policy itself expressly provided for a monthly premium of $6; for forfeiture for nonpayment of same when due; that the agent had no authority to change said policy nor to waive any of its provisions; and that forfeiture would result if premiums were not received by the company by 9 a. m. on the day following the date same were due. These were valid provisions of the policy and failure to pay the premiums when due worked a forfeiture of the policy unless such forfeiture was waived by the company or by its conduct it was estopped to assert such forfeiture. 24 Tex.Jur. 865, and cases there cited. Not only did the policy itself put appellee upon notice of the limitations of the authority of the agent, but when the attempt of the agent to exceed his authority was brought to the attention of the company, it notified the insured of that fact, and that if his policy were to remain in force after July 10, 1932, he must pay his premium as provided in the policy. This he failed to do. Appellee was, therefore, not misled to his injury, nor was anything done by the company which would estop it to assert forfeiture. The agent whose power was limited, and of which appellee had due notice, had no authority to waive forfeiture for nonpayment of the premiums provided for in the policy itself. 24 Tex. Jur. 885, and cases there cited.

■ There is no pleading by appellee that the company had waived forfeiture; but only that Muller had waived payment of premiums up to September 1st. This he was wholly without authority to do, and appellee was so advised by the company. Nor could the agent rebate such premiums, if such were his purpose. Article 5053, R. S. 1925, as amended by Acts 1929, 1st Called Sess., c. 3, § 1 (Vernon's Ann.Civ. St. art. 5053). Under the pleadings, therefore, and the uncontroverted facts shown by the record, judgment should have been rendered for appellant.

Judgment of the trial court will therefore be reversed and judgment here rendered for appellant.

Reversed and rendered.