## CARNELL et ux. v. KINSER et al.
### No. 5740.

Court of Civil Appeals of Texas. Amarillo.
Sept. 30, 1946.

Rehearing Denied Oct. 28, 1946.

Bean & Evans, of Lubbock, for appellants.

Campbell & Adams, of Lubbock, for appellees.

STOKES, Justice.

Prior to November 11, 1944, appellee, M. C. Kinser, and the appellant, W. N. Carnell, entered into negotiations for the sale by appellee to appellant of a 160 acre tract of land in Lubbock County, and on that day they entered into a written contract purporting to include two sisters of the appellee, by the terms of which they agreed to sell the land to the appellant for the sum of $16,000, the consideration to consist of $1,000 cash and the balance in notes and the assumption of outstanding indebtedness secured by a lien on the land. For reasons not necessary to mention the contract was terminated and cancelled on April 6, 1945. In anticipation of the final consummation of the contract, appellant was placed in possession of the land about the first of the year 1945, and when the contract was cancelled, it was agreed that he should remain in possession as tenant of the appellees for the year 1945. Negotiations for the sale of the land to appellant were resumed, however, in July, 1945, and on July 6 another written contract in identical terms as the first, except as to the date and consideration, was executed by appellee, M. C. Kinser, and the appellant, under which it was agreed appellant would purchase the land for the sum of $16,800, the terms to be substantially the same as those specified in the first contract. At the close of the year 1945, appellee, Kinser, demanded possession of the land which was refused by the appellant upon the ground that he had purchased it and it then belonged to him.

Appellees, M. C. Kinser, his sister, Nora Kinser, and the surviving husband and children of the other sister, instituted this suit against appellant Carnell in the form of trespass to try title, the original petition having been filed on March 9, 1946. Appellant answered by general denial, plea of not guilty and a special plea setting up his purchase of the land under the contract of July 6, 1945. He prayed for a decree of specific performance of the contract as against all of the appellees and, in the alternative, that if he was not entitled to specific performance against all of them, then that he have specific performance as against appellee, M. C. Kinser, as to his undivided one-third interest in the land. In connection with these special pleas he tendered the entire purchase price which was declined by the appellees.

Appellee, M. C. Kinser, pleaded that the second contract of July 6, 1945, was not completed and never became a binding contract because it was signed by him upon condition that the other owners of the land would also sign it and that neither their signatures nor consent to the sale was ever procured.

At the close of the testimony appellees presented a motion for an instructed verdict, which was granted by the court and upon the return of a general verdict in their favor, judgment was entered denying appellant any relief. He duly excepted to the judgment, gave notice of appeal and presents the case here upon eight assignments of error. We think the controlling issues may be reduced to three contentions. He contends first, that the appellees, other than M. C. Kinser, having acquiesced in the first contract of November 11, 1944, which was executed by M. C. Kinser and the appellant, and appellant having been placed in possession of the land under it, appellees are now estopped from denying that the second contract of July 6, 1945, was executed in such manner as to bind them to its terms and he was, therefore, entitled to a judgment of specific performance against all of the appellees. Secondly, he contends that the contract of July 6, 1945, having been drawn in the name of all of the owners but signed by only one of them, namely M. C. Kinser, it is therefore a valid and binding contract as to M. C. Kinser and the appellant was entitled to a judgment against him for specific performance as to his undivided one-third interest in the land. Thirdly, he contends that the issue being in dispute as to whether appellee M. C. Kinser signed the contract upon condition that

his co-owners would also sign it, and the testimony being in conflict upon that issue, a jury question was presented as to whether appellee Kinser was bound to convey his undivided interest and the court erred in instructing the jury to return a verdict in favor of all the appellees, including M. C. Kinser.

Under his first contention as above arranged, appellant asserts that the appellees who did not sign the contract of sale were estopped by their actions in permitting appellee, M. C. Kinser, to conduct negotiations with appellant for the sale of the land which resulted in the execution between him and M. C. Kinser of the first contract of November 11, 1944. He says that the subsequent contract was in the identical terms of the first contract, which also was not signed by the other owners and appellant was thereby led to believe, and had a right to assume, that M. C. Kinser was clothed with authority to represent them in the execution of the contract of July 6, 1945. We cannot agree with this contention. In the first place, there is no testimony to the effect that the sister and the husband and children of the deceased sister knew anything about the first contract. All of the negotiations were conducted by M. C. Kinser. As far as the record shows, they never authorized him to act for them in the negotiations or consciously confirmed, ratified or acquiesced in what he did, but, even if they had, that contract was terminated and cancelled by agreement between Kinser and appellant on April 6, 1945. The mere fact that a person recognizes another as his agent or ratifies or acquiesces in his acts at one time and in one transaction does not imply that he is authorized generally to act as agent for his principal nor does it carry the implication that he has specific authority at another time to bind the principal to another contract, although it might be of a similar nature. Wills v. International & G. N. R. Co., 41 Tex.Civ.App. 58, 92 S.W. 273; Owens v. Hughes, Tex.Civ.App., 71 S.W. 783. In the second place, in order to establish estoppel by conduct, it must be shown that the person sought to be estopped has conducted himself in such manner as to induce another to believe in the existence of a certain state of facts, and that the other person acted thereon to his prejudice. Estoppel cannot be invoked as an instrument of gain or profit. There is no showing in the testimony that the appellees, other than M. C. Kinser, did any thing whatever to induce appellant to believe that M. C. Kinser had authority from them to execute the contract of July 6, 1945, nor is there any showing that appellant was induced to change his position to his detriment or that he was prejudiced thereby or suffered any loss whatever. Thus two vital elements of estoppel by conduct are absent from the record in this case and appellant was therefore not entitled to a judgment upon the ground of estoppel. Kuykendall v. Spiller, Tex.Civ.App., 299 S.W. 522; Robertson v. Vernon, Tex.Civ.App., 3 S.W.2d 573; Texas Life Ins. Co. v. Mansel, Tex.Civ.App., 105 S.W.2d 899.

By his second contention, appellant asserts that M. C. Kinser was bound by the contract to convey to appellant his undivided one-third interest in the land regardless of whether or not the other owners were bound thereby. This contention is based upon the further contention that the contract was joint and several as to the appellees. Appellees contend it was indivisible and could not be enforced against any of them because it was not binding on all of them. We recognize the familiar rule presented and urged by appellant that where a number of parties execute a contract to sell and convey their interests in land or other property and it develops that one or more of them cannot perform it, or decline to do so, the others are bound to convey their interests and specific performance will be decreed in favor of the purchaser for their respective interests with proportionate abatement of the purchase price. The rule was announced and adhered to by the Court of Civil Appeals of the first district in Ward v. Walker, Tex.Civ.App., 159 S.W. 320. A writ of error was denied by the Supreme Court in that case and, under applicable facts, it is the law in this state. In that case, W. G. Walker and four others of the same name, all designated as "party of the first part", agreed to sell all of the right, interest and title in certain land to

the appellant A. P. Ward. One of the parties, A. R. Walker, did not sign the contract and denied he was bound thereby. Another, C. K. Walker, claimed a portion of the land as his homestead and, his wife not having signed the contract, he contended he was not bound by it. The appellant Ward nevertheless sought specific performance against the others and it was held he was entitled to such relief. The court held the contract was divisible and twice stated in the opinion that there was no understanding or agreement by any of the parties to the contract that it should not be binding upon any of those who signed it or upon the grantee unless A. R. Walker signed it, or if its execution by C. K. Walker should be held to be void on account of the homestead claim. In support of the holding, six cases from other jurisdictions were cited and in each of them it is clear that the contract involved was divisible and could be enforced against each even though not enforceable against others. The rule is based upon the right of each of the owners to sell his interest in the property without regard to the wishes of the others and in some of the cases it is observed that none of the owners is affected adversely because he receives his full share of the purchase price the same as he would if all of the owners had consummated the contract. Hazzard v. Morrison, 104 Tex. 589, 143 S. W. 142. The instant case presents a different situation however. The contract declared upon by the appellant designates the parties as "M. C. Kinser and sisters, hereinafter called seller." It closes with the provision: "This contract subject to the acceptance of seller". Following that clause is the word "Accepted:", and then follow the signatures of M. C. Kinser and W. N. Carnell. None of the other owners signed the contract and no one signed their names to it for them. Although there were several owners, they were designated collectively as "seller" and were so recognized and treated throughout the contract. Appellee Kinser testified a number of times that he signed it upon condition that the other owners would also sign it but whether he had so testified or not the contract plainly so provided and it could not therefore be binding upon him until they did so.

There was neither pleading nor evidence to the effect that this provision of the contract was waived, inserted through mistake, accident or fraud, nor any suggestion in the entire record that it was not as much a part of the written contract as any other portion of it. The law is well established that this is a valid provision and its insertion in the contract precluded recovery from one of the owners of an undivided interest, in the absence of its acceptance by the others, upon the ground that the conditional clause makes the contract indivisible. Parker v. Naylor, Tex.Civ.App., 151 S.W. 1096; Allen v. Friedman, 256 S.W. 669; Exum v. Mayfield, Tex.Civ.App., 286 S.W. 481; American Slicing Mach. Co. v. Vincent, Tex.Civ.App., 279 S.W. 317; Farrar v. Holt, Tex.Civ.App., 178 S.W. 618; Bradley v. Howell, Tex.Civ.App., 126 S.W. 2d 547.

The above authorities and many others hold, not only that it is a valid and binding provision, but that, even if it is not inserted therein, if it exists, it may be proved by parol evidence and the admission of such evidence does not violate the rule against changing the terms of written instruments by parol evidence. If not inserted in the contract, it is not a part of it but is evidence only of the condition upon which it was executed. Appellant pleaded and contends here that appellee M. C. Kinser and McKelvey & Taylor, the real estate firm who negotiated the sale, acted as agents of the other owners and as such signed the contract but the contention is not borne out by the evidence. The first clause in the contract is as follows: "M. C. Kinser and sisters, hereinafter called seller, acting through the undersigned and duly authorized agent, hereby sells and agrees to convey unto W. N. Carnell of Lubbock, Texas, hereinafter called purchaser, the following described property:". It was signed by M. C. Kinser as seller and there is nothing in it which indicates he was acting for anyone other than himself. Appellant introduced another copy of the contract which was signed also by "Clay Turner, agent for McKelvey & Taylor". The record does not reveal any document, act or circumstance by which the other own-

ers constituted M. C. Kinser as their agent and, therefore, even if he had purported to do so, his acts would have been nugatory for lack of authority. Manifestly, Clay Turner was not acting for them because the contract plainly states that he was acting as agent for McKelvey & Taylor. The evidence shows that Turner was connected with the real estate firm of McKelvey & Taylor and Turner himself testified that the only reason he signed the contract was to show which member or associate of the firm had negotiated the sale. We think it is clear that appellee M. C. Kinser signed the contract upon condition that the other owners of undivided interests would also sign it and, since they did not do so, he was not bound by it.

■ The third contention presented by appellant is that the court erred in giving to the jury a peremptory instruction in favor of the appellees because there was an issue raised in the testimony as to whether or not M. C. Kinser signed the contract upon condition that his co-owners would also sign it. We do not find any such issue in the testimony. The contract itself plainly provided that it was subject to the acceptance of the seller and any parol testimony as to whether or not it contained such a provision was wholly immaterial. As we have already said, there was no claim by any of the parties that this provision was inserted through mistake or in any other manner that would deprive it of its binding force and it was contained in the copy of the contract introduced by appellant himself. Appellant asserts that the testimony of M. C. Kinser that he signed it upon condition that the other owners would also sign it, and that he so informed Clay Turner, was controverted by the testimony of Clay Turner. Turner's testimony was to the effect that Kinser did not instruct him to procure any other signatures, nor tell him that the contract would not be binding upon him unless the others signed it. He said Kinser did not mention the other owners in any conversation with him. Thus the conflict in the testimony referred only to the question of whether or not Kinser stated to Turner that he signed the contract upon such condition and not to the question of whether it constituted a portion of the contract. We think the question of whether or not Kinser informed Turner of the condition was of no consequence because, as we have said, it was a portion of the written contract and spoke for itself.

Appellant presents and urges contentions other than those we have discussed but they become immaterial in view of the disposition we have made of the appeal and we deem it unnecessary, therefore, to discuss them. We have carefully considered all of the contentions presented and, in our opinion, no reversible error is shown. The judgment of the court below will therefore be affirmed.