WILLIAM A. DANA and another *vs.* THEOPHILUS C. TURLAY.

January 2, 1888.

Vendor and Purchaser—Principal and Agent—Ratification of Contract.—An agent was authorized by his principal to sell certain lands upon the terms that equal payments should be made in one, two, and three years.    The written contract of sale actually made by him varied from these terms in certain particulars.    He thereafter notified his principal, who was a non-resident, of the sale, and pending correspondence in respect to correcting certain alleged defects in the title as appearing of record, he forwarded to the latter a deed for execution, and also a purchase-money mortgage, with notes, drawn up ready for execution by the purchaser, showing on their face the terms of the purchase as actually agreed on, for his inspection.    These were all received and acknowledged by the principal, who made no objection to the modification in the terms of payment, and promised to return them after they had been submitted to his counsel.    While he still held the papers, the purchaser notified the agent that he would accept the title as it was, and that he was ready and willing to complete the purchase.    The vendor subsequently refused to make the sale, or proceed further under the contract.    *Held*, that the contract as made was ratified by him, and that the purchaser was entitled to a specific performance thereof.

    Action by purchaser against vendor for specific performance, brought in the district court for Ramsey county, and tried by *Brill,* J., who ordered judgment for plaintiffs.    The defendant appeals from an order refusing a new trial.

    *W. K. Gaston,* for appellant.

    *Williams & Goodenow,* for respondents.

VANDERBURGH, J. Action for specific performance of an agreement for the sale of land, made with defendant through one Lynch, his agent.

1. It was proper to prove the nature and extent of Lynch's authority in the premises. The agency is denied in the answer, and it was necessary for plaintiffs to show the relations of the parties, and produce evidence of his authority, and it would be for the court to determine its sufficiency. The defendant claims that the contract, as made, departed in certain essential particulars from the terms of sale as authorized by him. On the other hand, the plaintiffs contend that the contract was fully ratified by defendant subsequent to its execution.

2. The contract, as authorized, fixed the price at $10,000, payable in one, two, and three years, while in the contract, as made, the deferred instalments of the purchase-money were severally made payable "on or before" those dates. It was by its terms to be completed in 20 days after the abstract was delivered, and was dated October 30, 1886. The agent, Lynch, who lived in St. Paul, where the property is situated, immediately notified the defendant, who resided in Kansas, by mail, of the sale, and that the purchasers were to have 20 days after delivery of the abstract to complete the purchase. The defendant replied, declining to be at the expense of furnishing abstract, but making no other objections. The agent thereupon procured the abstract, and, November 3d, notified him of the fact, and that if title was perfect, a deed would be forwarded to him for execution; and on the 17th of November he sent the deed, with the notes and mortgage, to the defendant, prepared for execution in pursuance of the contract, for his inspection. The defendant acknowledged the receipt of these papers, and promised to return them as soon as his attorney had examined them, but made no objection to the form or terms thereof. He, however, notified his agent that he would pay no special assessments. The evidence is sufficient to show that the contract was ratified by the defendant, and thereupon became binding on him. There was subsequent correspondence between Lynch and the defendant in respect to certain apparent defects in the title, which were found to be insubstantial or easily supplied; and,

upon defendant's neglect to take any steps to perfect the title, it was satisfactorily arranged by the agent with the plaintiffs, who were anxious to complete the purchase, and consented to pay all special assessments on the land.　These arrangements were completed before December 4th, and the plaintiffs, who had made all the concessions previously required by the defendant, were ready and willing to fulfil the contract on their part, and so notified the agent.　Thereupon, on that day, the latter wrote to defendant that the purchasers were satisfied with the title, and requested the return of the papers.　On the 6th of December the defendant notified the agent of his refusal to complete the sale.　Upon this evidence, the court was clearly right in finding that the defendant was bound by the contract, and was justified in ordering judgment for specific performance.　The plaintiffs were not in default.　The contract was kept on foot pending the correspondence in respect to the title, which was rendered necessary in consequence of defendant's absence, and his own objections and delay.　As to the form of the judgment, it will undoubtedly be settled by the court upon notice to the defendant, in conformity with the agreement of the parties.　The question need not be considered on this appeal.

Order affirmed.