**DITTOE et al. v. JONES.**

No. 15038.

Court of Civil Appeals of Texas.
Fort Worth.

March 25, 1949.

Rehearing Denied April 29, 1949.

316

C. K. Walsh and Eugene Sherrod, Jr., both of Wichita Falls, for appellants.

Bullington, Humphrey, Humphrey & Fillmore and Lee Humphrey, all of Wichita Falls, for appellee.

HALL, Justice.

This is an appeal from the granting of a peremptory instruction to the jury by a district court of Wichita County, Texas, against appellants herein, to-wit: Mrs. H. V. Dittoe, a widow; M. J. Dittoe; A. X. Dittoe; and J. B. Dittoe; and in favor of appellee, H. D. Jones.

The cause of action was brought by appellee against appellants for specific performance of a written contract for the sale of land executed by appellants to appellee. Appellants refused to convey on grounds that it was understood between appellants and appellee that said sale would not be consummated unless all tenants in common executed the contract and deeds.

Pertinent portions of the contract pertaining to points involved herein are as follows: That appellants along with the remaining co-tenants, who did not sign the sale contract and are not parties herein, to-wit, Agnes Dittoe, a single woman, Marie Dittoe, a single woman, O'Dehlia Dittoe, a single woman, and P. D. Dittoe, were all named as parties of the first part, and H. D. Jones as party of the second part. Parties of the first part agreed to sell and deliver to party of the second part the following described tract of land lying and situated in the County of Wichita, State of Texas, being described as 191.7 acres of land patented to Cherokee County by the State of Texas, and being Lot No. Four (4) of Kemp & Newby's Subdivision of said survey, beginning at the S. W. corner of the C. C. White 320 acres; thence south 1133.3 varas; thence east 955 varas; thence north 1133.3 varas to corner in south line of said C. C. White tract; thence west 955 varas with said line to the place of beginning, being out of Abstract 33. Total consideration was $45,600, payable half in cash to the children of Mrs. H. V. Dittoe above named, and the other half to be evidenced by two vendor's lien notes of $11,-400 each, bearing interest at the rate of six per cent per annum, payable to Mrs. H. V. Dittoe; "pending the bringing down to date of the abstract of title and closing of the trade, party of the second part agrees to place in escrow in the First National Bank of Wichita Falls, Texas, Two Thousand ($2,000.00) and No/100 Dollars to be held by said Bank until title is either accepted or rejected by the attorney for party of the second part"; followed with the usual provisions that in the event party of the second part refused to accept a good title then the $2,000 shall be forfeited to parties of the first part as liquidated damages; they should also have in the alternative the right to sue for specific performance. On the other hand if title was accepted and parties of the first part refuse to comply, party of the second part would receive his $2,-000 or he might sue for specific performance of the contract.

"It is agreed by the parties of the first part and party of the second part that the seven named children of Mrs. H. V. Dittoe are to receive the cash payment after the expense of the sale are met, and that party of the second part will pay to each of the seven named, A. X. Dittoe, Agnes Dittoe, Marie Dittoe, O'Dehlia Dittoe, J. B. Dittoe, P. D. Dittoe and M. J. Dittoe their proportionate parts of the said cash payment, and Mrs. H. V. Dittoe is to receive for her one-half interest in said property the two above described notes.

"Whereas, party of the second part is purchasing said property to platt into lots, and make an addition to the City of Wichita Falls, Texas. Party of the first part

agrees to platt the north eighty (80) acres of the said land first, before he plats the other part. * * *"

Parties of the first part retained one-half the mineral interests in said land.

"Whereas, Mrs. H. V. Dittoe is to receive the two above described notes, and whereas second party is to platt the north eight-acres of the property into town lots and sell the same, Mrs. H. V. Dittoe, one of the parties of the first part agrees to release each lot as sold from the lien retained upon the payment to her of $100. * * *

"Said party of the second part agrees to sell M. J. Dittoe three lots at the agreed price of $200.00 each, said lots to have a 50 foot frontage and to be the property on which his said house now stands and the said M. J. Dittoe is to retain ownership of his house * * *."

The statement of facts reveal that appellants herein executed the contract along with appellee and placed the same in the First National Bank together with appellee's $2,000.

Appellants' four points are as follows:

"First Point: The error of the court in decreeing specific performance by defendants where plaintiff cannot perform fully so as to secure for defendants all that was contemplated under the terms of the agreement.

"Second Point: The error of the court in decreeing part performance of a contract which by its nature and intention of the parties was an entire contract.

"Third Point: The error of the court in excluding testimony by defendants that it was their intention that the contract be performed in its entirety or not at all.

"Fourth Point: The error of the court in decreeing specific performance of an executory contract for the sale of land where same constituted the homestead of two of these defendants."

Under point one appellants urge it was error for the court to decree that Mrs. H. V. Dittoe, a widow, should be ordered to convey her full one-half interest upon plaintiff's delivery to her of the two notes mentioned secured by deed of trust on the lands to be conveyed by the appellants herein, because the contract implies she was to convey only in the event all parties conveyed, for under its terms appellee was to subdivide the property in question into lots and to plat the north 80 acres first and that Mrs. H. V. Dittoe may be paid, as a last resort, by receiving $100, and releasing the liens, on each lot sold; that such portion of the contract could not be executed by appellee because he would not own the entire tract of land. That it was the intention of the parties, and especially Mrs. H. V. Dittoe, to sell only in the event that all parties signed the contract for the reason that she was to receive a deed of trust on the entire tract of land as she was receiving no cash payment at the time of conveyance, and that this portion of the contract could not be enforceable by appellee as he would not own the entire tract of land.

That such contract was further unenforceable unless all of the parties executed the contract of sale because the contract further provides that appellee was to sell three lots to appellant M. J. Dittoe on which M. J. Dittoe's home was situated, therefore he could not fulfill this portion of the contract.

█ Appellants recognize the general rule urged by appellee in substance that where a number of parties execute a contract to sell real estate and it develops that one or more of them do not or cannot perform, those who are able to do so are bound to convey their interest and specific performance will be decreed in favor of the purchaser because the purchase price shall be apportioned among them. This rule is announced in the case of Ward v. Walker, Tex.Civ.App., 159 S.W. 320, writ denied, which appellee relies upon as being "precisely on all fours with our situation here."

█ The rule above announced is derived from the fact that one of the owners of real estate may sell his interest without the permission of the other owners, and that when he signs a contract of sale he is not affected if some of the other owners do not sell in view of the fact he is to receive his full share of the sale price. This is also the rule of law which governed the case of Hays et al. v. Marble et al., Tex.Civ.

App., 213 S.W.2d 329, 335, writ dismissed, cited by appellee.

Appellants, as heretofore indicated, construe the contract of sale as being an indivisible one, that it was both the intention of appellee and appellants that the contract would not be enforceable unless all parties should sign it. That no request from appellants was ever made by appellee in preparing the contract for the conveyance of interest of only a portion of them. They further contend that the contract should be construed as indivisible and in accordance with the construction and intention of the parties to it.

It is our duty to construe the contract in order to ascertain if the agreement of the parties was to the effect that the contract was not to be completed unless all of the proposed sellers executed it.

In the Hays v. Marble case, supra, the court stated: "There was no such provision contained in the contract here involved however, nor was there any testimony to the effect that any such agreement existed between any of the sellers and appellant. One or two of the appellees testified they understood that all of the sellers were to sign the contract but it appears that such an understanding was confined to their own minds. They did not say, nor indicate, that the understanding encompassed an agreement either among themselves or between them and the appellant."

■ We have read the entire record and do not find that such agreement existed between appellants and appellee herein even though some of the appellants testified it was an understanding as between them and the other joint tenants. However appellee also testified when he executed the contract it was not his intention to purchase a portion of the land unless he could purchase all of it; thus it is evident their minds did not meet upon the subject.

■ We find that appellee could not enforce the contract between him and appellant Mrs. H. V. Dittoe due to the peculiar way and manner he was to pay her. We find that portion of the contract wherein it states " * * * and a deed of trust is to be given to a trustee, to be selected, to secure said notes on the above described property" means the entire tract of land so described and this appellee could not fulfill without owning the entire tract of land. It is also a fact that appellant Mrs. H. V. Dittoe agreed with appellee that her children were to receive all of the cash and that she was only to receive said secured notes free of expense.

■ We find the contractual consideration between appellee and appellant M. J. Dittoe could not be enforced without the signature of all the joint owners due to that portion of said contract wherein appellee agreed to sell appellant M. J. Dittoe three lots, where his home is located upon at an agreed price of $200 each, as quoted above, for the reason that appellee would not own a full fee title to those lots.

■ We find nothing in the contract which would prevent the appellants A. X. Dittoe and J. B. Dittoe from performing the contract as they will receive the consideration for their interest in the land as written in the contract. As was announced by the court in Hays v. Marble, supra, " * * * it is the established law of this state that where only a part of several tenants in common who execute a contract for the sale and conveyance of their interests in land are legally bound by it and others are not, notwithstanding it was originally contemplated that all should become so bound and the interests of all of them should be conveyed, the contract is susceptible to specific performance at the suit of the purchaser as to the interests of those who are legally bound, with an abatement of the purchase price proportionate to the interests not conveyed nor legally bound. Each of several tenants in common is entitled to sell his interest without regard to whether the others wish to do so or not and those signing a contract of sale or who become otherwise bound by its terms though some of them might refuse to join therein or, by reason of other circumstances, specific performance against them cannot be decreed."

Therefore as to appellants A. X. Dittoe and J. B. Dittoe the judgment of the trial court is affirmed. The judgment of the trial court is reversed and rendered in favor

of Mrs. H. V. Dittoe, a widow, and M. J. Dittoe for the reasons above announced.

Due to the result of our holding above it is unnecessary to discuss point four relative to the homestead right of the two appellants Mrs. H. V. Dittoe, a widow, and M. J. Dittoe.

Affirmed in part and reversed and rendered in part.

### On Motions for Rehearing.

Appellee H. D. Jones presents an argument in his motion for rehearing to the effect that appellant Mrs. H. V. Dittoe should perform by executing deed to her undivided one-half interest in the property because the notes which she was to receive from appellee were to be made "payable on or before" and therefore appellee was at liberty to pay Mrs. Dittoe her one-half of the purchase price in cash upon delivery of the deed.

Granting that appellee had such privilege (such question we need not decide here), it was such a privilege that he alone could have taken advantage of and was not enforceable by appellant Dittoe. Upon the trial of the case he neither plead nor proved that he was ready, able and willing to pay her cash for her one-half interest in the land but on the contrary he insisted upon performing the contract as written; he prayed " * * * that this court enter judgment ordering this deed to be delivered to the plaintiff upon his executing to the defendant, Mrs. H. V. Dittoe, two notes, as provided for in said contract, in the amount of $11,400.00 each * * * that the defendants herein specifically perform said contract and execute to this plaintiff a deed conveying to the plaintiff their proportionate interest in said property, upon the plaintiff paying to said defendants the consideration for their proportionate interest in said property and executing to Mrs. H. V. Dittoe, a widow, two notes in the amount of $11,400.00 each, secured by a vendor's lien and deed of trust lien upon the property * * *."

Upon such theory the court entered judgment, a portion of which is as follows: "The consideration for the purchase of such property to be Forty-five Thousand Six Hundred ($45,600.00) Dollars, one half to be paid in cash and the other half to be evidenced by two promissory vendors lien notes of Eleven Thousand Four Hundred ($11,400.00) Dollars each, payable on or before one and two years after date, with interest at 6% payable semiannually, to Mrs. H. V. Dittoe, the lien to be retained in favor of Mrs. H. V. Dittoe, and a deed of trust on the above described property, given to Mrs. H. V. Dittoe to secure said notes."

It is noted in the above paragraph that the court ordered appellee herein to execute a deed of trust "on the above described property," the description referred to being the entire tract of land as set out in paragraph numbered 1 of the judgment. There was no tender of cash consideration made in the trial court by appellee. Appellee raises for the first time this question in in his motion for rehearing, which we find comes too late for "it is an established principle of appellate procedure that the parties are restricted to the theory on which the case was tried in the lower court. A corollary of this proposition is that parties may not raise objections or questions that were not presented in the trial court. 'The law forbids the assumption of an attitude on appeal inconsistent to that taken at the trial, and on appeal litigants are restricted to the theory upon which the cause was prosecuted or defended in the court below.'" 3 Tex. Jur. pp. 168–169, sec. 111. See sec. 718, p. 1005, same text.

Appellee also contends this court erred in holding that Mrs. H. V. Dittoe should not be compelled to convey her portion of the land because appellee could not give her secured notes on all of the land; cites as authority Hazzard v. Morrison, 104 Tex. 589, 143 S.W. 142; Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555. We have carefully read these cases but do not find them to be in point here.

We find that it was understood between the parties in the case at bar that Mrs. Dittoe was to have a lien on the entire tract of land; the trial court ordered appellee to execute vendor's lien notes on the entire tract of land; it would not have been feasible for Mrs. Dittoe to have accepted

notes on her proportionate part, an undivided interest in land, without some cash down payment. This was the reason, no doubt, the contract calls for all of the other tenants in common be paid by cash in full.

In the Norris case, supra, the purchaser tendered the sellers the cash payment set out in the contract and in that case there were no notes to be executed by the purchaser to the grantors. In the Morrison case above, where two parties signed a contract to convey and one of their titles fails, the other person showing good title to his tract of land is compelled by specific performance to convey. We adhere to this rule and so announced in our original opinion, and if appellee in the instant case were in a position to perform his part of the contract, to-wit, executing a deed of trust to Mrs. Dittoe on the tract of land described, we would so hold here, and whatever right he may have had to pay Mrs. Dittoe cash for her land was not taken advantage of by him in the trial court.

We overrule all motions for rehearing.