**Opinion filed August 1, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00009-CV

_____

## IN THE MATTER OF THE ESTATE
## OF HILDA LOUISE TATUM, DECEASED

**On Appeal from the County Court at Law**
**Erath County, Texas**
**Trial Court Cause No. P09416**

### O P I N I O N

This appeal involves a dispute among family members regarding the validity of a warranty deed dated December 17, 1999 (the 1999 Deed). The parties dispute whether certain executing grantors of the 1999 Deed conveyed their individual interests in the property at issue even though the 1999 Deed was not executed and delivered by all of the proposed grantors who owned an interest in the property being conveyed. Appellants (Larry Wayne Tatum, Deritha Quay Davis, Herbert Franklin Tatum, and Betty Kathryn Culbertson) and Appellee (Vicki Lynn Truss) owned an

equal, undivided future interest in the property and executed the 1999 Deed. Appellee is also the independent executor of her mother's estate.

In her capacity as independent executor, Appellee filed a traditional motion for summary judgment arguing that the 1999 Deed was valid to convey the individual interests of the executing grantors because they all executed and delivered the 1999 Deed. In response, Appellants argued that a genuine issue of material fact existed regarding whether they executed and delivered the 1999 Deed with the intent of conveying the executing grantors' individual interests in the property without the signatures of all the proposed grantors. The trial court granted summary judgment in favor of Appellee.

In one issue on appeal, Appellants challenge the trial court's grant of summary judgment. Because we conclude that a genuine issue of material fact exists regarding whether the enforceability of the 1999 Deed was conditioned on the execution and delivery of the 1999 Deed by all of the proposed grantors, we sustain Appellants' sole issue and reverse and remand.

*Background Facts*

George and Hilda Tatum had ten children: Deritha Quay Davis, John Willie Tatum, Herbert Franklin Tatum, Larry Wayne Tatum, Betty Kathryn Culbertson, Deborah Dorris Sauer, Georgia Ellouise Arms, Timothy Dan Tatum, Vicki Lynn Truss, and Ricky Glenn Tatum.

On January 18, 1982, George and Hilda executed and delivered to their children a warranty deed concerning a 134-acre tract of land, which constituted the family farm (the Property). The deed reserved a life estate in the Property for George and Hilda and conveyed the remainder (future) interest to each of their ten children in equal shares. However, in 1999, John died, and his interest in the Property transferred to his widow, Marian Meaders Tatum. At that point, the future interest

2

in the Property was held by George and Hilda's surviving nine children and John's widow, Marian (collectively, the Tatum Children).

After John's death, Hilda approached an attorney and asked him to draft a deed that would convey each of the Tatum Children's interest in the Property back to George and Hilda. Shortly thereafter, during a family Christmas gathering in December 1999, Hilda approached each of the Tatum Children with the 1999 Deed and asked each of them to convey their interest back to her and George. The 1999 Deed listed all ten Tatum Children as the grantors, and it purported to convey the Property in fee simple back to George and Hilda; the 1999 Deed made no reference to the undivided future interests of the grantors.

Appellants allege that they and Hilda understood that the 1999 Deed would not be effective unless it was signed by all of the Tatum Children. Appellants also allege that they signed and acknowledged the 1999 Deed based upon this belief. Appellee and three other Tatum Children also executed the 1999 Deed. However, Timothy and Marian never signed the 1999 Deed. Therefore, ultimately, only eight of the ten Tatum Children signed the 1999 Deed.

George died in 2000. In 2001 and 2002, believing the 1999 Deed was never executed or delivered, Betty, Deborah, Georgia, and Ricky each executed an affidavit (the Affidavits) to rescind his or her signature on the 1999 Deed "due to the failure to obtain full legal consent from all involved parties." Deborah, Georgia, and Ricky are not parties to this action.

Appellants allege that, in 2003, Hilda arranged a meeting with the Tatum Children to discuss the Tatum Children's transfer of their interests in the Property. This time, however, Hilda requested that the Tatum Children consider transfering their interests among themselves so that only one of them would hold the entire interest. At that time, Larry was the only child who expressed an interest in purchasing the other Tatum Children's remainder interests.

3

Deritha, Herbert, Betty, Timothy, and Marian subsequently conveyed their interests in the Property to Larry. Larry properly filed and recorded the conveyances in December 2003. Deborah, Georgia, Vicki, and Ricky also spoke with Larry about selling their interests, but they were unable to reach an agreement. Hilda, despite helping facilitate the transfers, properly filed and recorded the 1999 Deed in March 2004.

Hilda died in 2016, and her will was admitted to probate. Appellants assert that, in Hilda's will, she claimed ownership to 80% of the remainder interest in the Property.[1] The trial court appointed Appellee as executor of the estate.

As executor of the estate, Appellee filed suit for declaratory judgment asking the trial court to declare that the 1999 Deed transferred 80% of the remainder interests in the Property to George and Hilda and to declare that the Affidavits were ineffective rescissions of each affiant's signature on the 1999 Deed. In response, Appellants filed a joint answer and counterclaim, seeking declaratory judgment as to the validity and enforceability of the 1999 Deed and Affidavits. According to Appellants, because the "1999 Deed was never fully executed and delivered," it "failed to become effective or convey any interest in the property addressed therein."

Appellee later filed a motion for summary judgment asking the trial court to declare the 1999 Deed effective as a conveyance of the interest of the eight Tatum Children who executed the 1999 Deed. The trial court granted Appellee's motion for summary judgment and entered a Final Judgment finding that the 1999 Deed was not ambiguous and was "valid, effective, and enforceable against the eight grantors who signed" the 1999 Deed. This appeal followed.

---

[1]Hilda's will is not in the appellate record.

4

*Analysis*

In Appellants' sole issue, they contend that the trial court erred when it granted Appellee's motion for summary judgment. Specifically, Appellants argue, among other things, that a genuine issue of material fact exists as to whether the 1999 Deed was executed and delivered by the executing grantors with the intent of conveying their individual, fractional interests in the Property without all of the Tatum Children signing and conveying their interests as well. Appellants argue that, based on their discussions with Hilda, they understood that the 1999 Deed would convey their individual interests in the Property only if all the Tatum Children executed the 1999 Deed. Because not all of the Tatum Children executed the 1999 Deed, Appellants argue that the 1999 Deed did not convey their interests despite them having signed the 1999 Deed.

We review a trial court's summary judgment de novo. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact as to at least one essential element of the cause of action being asserted and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

5

In the present case, Appellants essentially contend that the trial court improperly granted summary judgment in favor of Appellee because there was a genuine issue of material fact as to whether the enforceability of the 1999 Deed was conditioned upon the execution and delivery of the 1999 Deed by all of the proposed grantors. Appellee asserts that the parol evidence rule precludes our consideration of extrinsic evidence in support of this contention. We disagree with Appellee.

"It is well settled that a written instrument may not be varied by evidence of an oral agreement that contravenes its terms." *Litton v. Hanley*, 823 S.W.2d 428, 430 (Tex. App.—Houston [1st Dist.] 1992, no writ). This is known as the parol evidence rule. *See id.* However, parol evidence is admissible to show that an agreement was not to become effective except upon certain conditions or contingencies. *Baker v. Baker*, 183 S.W.2d 724, 728 (Tex. 1944). Under this exception to the parol evidence rule, extrinsic evidence is admissible to establish an oral condition precedent if it is not inconsistent with the terms of the written agreement. *See DeClaire v. G & B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 45–46 (Tex. App.—Houston [1st Dist.] 2008, no pet.). A condition precedent is a condition "to be performed before the agreement becomes effective, and which calls for the happening of some event or the performance of some act after the terms of the contract have been agreed on, before the contract shall be binding on the parties." *Rincones v. Windberg*, 705 S.W.2d 846, 848 (Tex. App.—Austin 1986, no writ) (quoting BLACK'S LAW DICTIONARY (4th ed.) at 366).

Here, Appellants presented summary judgment evidence which showed that the parties orally agreed on a condition precedent to the enforcement of the 1999 Deed—the condition precedent being the execution and delivery of the 1999 Deed by all of the Tatum Children. Specifically, Appellants produced personal affidavits in which they explained the events surrounding their signing of the 1999 Deed.

6

In Larry's affidavit, he stated that Hilda presented the 1999 Deed to him at the family Christmas party and asked him to sign it. Larry explained that he "told her that [he] would not sign to give [his] 1/10th back unless all of [his] siblings would do so." Larry stated that, in response, "[Hilda] assured [him] that she would not and could not do anything unless she got all ten [Tatum Children] to agree and sign."

Betty also stated in her affidavit the circumstances surrounding her signing of the 1999 Deed. Betty stated that Hilda wanted Betty "to sign [her] 1/10 of the farm back over to [Hilda and George]." Betty stated that she was reluctant at first, but, "after [Hilda] assured [her] that the deed would not become valid unless all ten signatures were obtained, [she] signed."

Similarly, Herbert stated that Hilda wanted him to "deed the farm back over to her and [George]." Herbert explained that Hilda informed him that all of the Tatum Children needed to sign the 1999 Deed for it to be effective. Herbert stated that, given this understanding, he "signed the document, thinking that this is what the family wanted." However, because Marian and Timothy did not sign, Herbert thought that the 1999 Deed was rendered "null and void, as [Hilda] had previously indicated," and that "each sibling [owned a] 1/10 share."

Finally, Deritha stated that, although she also signed the 1999 Deed, she "understood that [the 1999 Deed] was invalid because all 10 [grantors] did not sign."

Moreover, the condition precedent that all the Tatum Children must have signed the 1999 Deed for the 1999 Deed to be effective is not inconsistent with the terms of the 1999 Deed. The 1999 Deed is silent as to its legal effect when not all of the proposed grantors execute and deliver the 1999 Deed. Importantly, no provision in the 1999 Deed states that the 1999 Deed is operative to convey the individual interest of an executing grantor regardless of whether all of the proposed grantors execute the 1999 Deed. In fact, the 1999 Deed makes no reference to the individual interests of the proposed grantors. Rather, the Property being conveyed

7

is described in terms of a full fee simple interest in the family farm. Because each proposed grantor equally owned a one-tenth future interest in the Property, the only way for the grantees to hold a full fee simple interest in the Property as a result of the 1999 Deed is if all of the proposed grantors executed and delivered the 1999 Deed. As a result, we conclude that the oral condition precedent contemplated by the parties does not contravene the terms of the 1999 Deed.

In light of Appellants' affidavits, and because evidence of the parties' oral condition precedent is not inconsistent with the terms of the 1999 Deed, we conclude that Appellants produced sufficient evidence to raise a genuine issue of material fact regarding whether the parties intended the enforceability of the 1999 Deed to be conditioned upon the execution of the 1999 Deed by all of the Tatum Children. *See generally Castroville Airport, Inc. v. City of Castroville*, 974 S.W.2d 207 (Tex. App.—San Antonio 1998, no pet.) (reversing summary judgment on similar grounds). Therefore, summary judgment should not have been granted in favor of Appellee.

Appellee maintains, however, that, although all of the Tatum Children did not sign the 1999 Deed, Appellants nonetheless conveyed their interests in the Property because they did sign the 1999 Deed. To support her argument, Appellee cites to *Hays v. Marble*, 213 S.W.2d 329, 335 (Tex. Civ. App.—Amarillo 1948, writ dism'd). In *Hays*, the Amarillo Court of Civil Appeals examined the validity of a contract and accompanying deed that was signed by some, but not all, of the tenants in common of a piece of property. *Hays*, 213 S.W.2d at 334–35. In holding that those who signed the deed were bound by its provisions, the appellate court reasoned:

> Each of several tenants in common is entitled to sell his interest without regard to whether the others wish to do so or not and those signing a contract . . . are legally bound by its terms though some of them might

8

refuse to join therein or, by reason of other circumstances, specific performance against them cannot be decreed.

*Id.* at 335.

We note, however, that the appellate court also provided an exception to this general rule:

[W]here the contract provides, or the parties have an agreement and understanding, that the contract is not to be complete unless all of the sellers execute it, such a provision is valid and the contract cannot be enforced unless all of the sellers sign it.

*Id.* The appellate court specifically noted that such a provision or agreement was absent in the contract and that there was no testimony or evidence that any such agreement existed either among the tenants who signed the deed or between them and the grantee. *Id.*

Unlike in *Hays*, here, the summary judgment evidence showed that Appellants and Hilda did have an agreement and understanding that the 1999 Deed would not be effective unless and until it was signed by all of the Tatum Children. Thus, although Appellants signed the 1999 Deed, a genuine issue of material fact remains regarding the enforceability of the 1999 Deed.

Additionally, Appellee argues that, because the 1999 Deed is unambiguous, extrinsic evidence, such as Appellants' personal affidavits, cannot be considered to raise a fact issue regarding intent. We disagree. As discussed above, extrinsic evidence is admissible to establish an oral condition precedent. *See Baker*, 183 S.W.2d at 728; *DeClaire*, 260 S.W.3d at 45–46.

When we consider Appellants' summary judgment evidence, we conclude that a genuine issue of material fact exists regarding whether the parties intended the enforceability of the 1999 Deed to be conditioned upon the execution of the 1999 Deed by all of the Tatum Children. Thus, we conclude that the trial court erred in concluding that, as a matter of law, the 1999 Deed was valid, effective, and

9

enforceable to convey Appellants' interests when not all of the Tatum Children executed and delivered the 1999 Deed. Accordingly, we sustain Appellants' sole issue on appeal.

*This Court's Ruling*

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.


KEITH STRETCHER

JUSTICE


August 1, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.